Ismael Gómez et al., Plaintiffs and Appellees, *v.* Tomás Collazo Verdejo et al., Defendants and Appellants.

No. 9407. Argued April 9, 1947.—Decided June 19, 1947.

*Adrián Agosto* for appellants. *Harry B. Llenza* for appellees.

Mr. Justice Marrero delivered the opinion of the Court.

By Act No. 53 of July 11, 1921 (Laws of 1921, p. 386), as amended by Act No. 60 of April 30, 1928 (Laws of 1928, p. 466), there was created the Homestead Commission and the Commissioner of the Interior of Puerto Rico was directed to build houses in any municipality of this island upon lands of the People of Puerto Rico, in order to furnish adequate habitation to artisans, laborers, and other workmen at a

reasonable cost. Said houses shall be rented, managed, and sold in accordance with such rules and regulations, not in conflict with that Act, as may be adopted by the Commission thus created and shall be let at low rent. After a certain number of years have elapsed, the lessee shall acquire the ownership of the house and lot leased. Said Act further provides that the lots and the buildings erected thereon shall never be subject to attachment or mortgage, and that they may be sold or leased only in accordance with the provisions of the Act. It also provides that those properties can not be leased to any person who is not a citizen of the United States, and whose annual income exceeds $1,500 or who holds other property in Puerto Rico or elsewhere, the value of which exceeds $300. It likewise provides that the Attorney General, upon the request of the Commissioner of the Interior, may eject the lessee in case any of the conditions specified in the Act are not fulfilled, and that any person who knowingly rents or leases for pecuniary profit any dwelling erected upon lands of the People of Puerto Rico, shall be guilty of a misdemeanor.

By virtue of Joint Resolution No. 47 of May 15, 1933 (Laws of 1932–33, p. 742) the Homestead Division was created in the Department of Labor of Puerto Rico and the powers originally granted by Act No. 53 of 1921, *supra,* to the Commissioner of the Interior, were transferred to the Commissioner of Labor of Puerto Rico. See also Acts No. 250 of May 15, 1938 (Laws of 1938, p. 491) and No. 144 of May 13, 1943 (Laws of 1943, p. 444).

Pursuant to Act No. 53 of 1921 to which we have already made ample reference, on March 29, 1928, Regino Gómez Leandry, on behalf of his six minor children, entered into a contract of lease with right of ownership involving a lot situated in the Barrio Obrero, Santurce, and five days later acquired from Juana Capó, by public deed a house existing therein. On August 20, 1941, María Dolores Gómez de Ri-

vera, one of the daughters of Regino Gómez Leandry, died in the city of New York, leaving three minor children, named José Rafael, Helen, and Thomas Rivera. In a proceeding had before the District Court of San Juan, these three children were declared sole and universal heirs of their mother and, pursuant to the corresponding petition for judicial authorization, that same court authorized the sale at public auction of the share of the minors in said house and lot. At the public sale said share was awarded to Tomás Collazo Verdejo, one of the defendants herein. Subsequently, that is, on February 6, 1942, Jesús María Gómez, another child of Regino Gómez Leandry, by a public deed sold his undivided interest to the aforesaid Tomás Collazo Verdejo.

On September 7, 1944, Ismael, Graciela H., Luz María, and José Rafael Gómez, the four remaining children of Regino Gómez Leandry, brought, in the former District Court of San Juan, an action to annul the deeds whereby the undivided interests owned by the three children of María Dolores Gómez de Rivera and by Jesús María Gómez, were transferred to Tomás Collazo Verdejo, principally on the ground that said transfers had been made without Collazo Verdejo complying with the requisites provided by the Homestead Commission under the 1921 Act and with the Regulations issued pursuant to that Act. They further prayed that upon depositing in the office of the clerk of said district court the amounts for which said undivided interests had been sold, the latter might be transferred and assigned to them.

The defendants named in the complaint were the original purchaser, Tomás Collazo Verdejo, his sister Esther Collazo Verdejo, to whom Tomás had conveyed by public deed the two undivided interests acquired by him, and also Jesús María Gómez, and the minors José Rafael, Helen, and Thomas Rivera Gómez, the latter upon their refusal to join as plaintiffs.

The defendants in their answer admitted certain aver-

ments, denied others, and as special defenses set up, among other things, that the plaintiffs did not own or hold any right, interest, or share in the real property involved in the suit; and that the action, if at all proper, should have been brought by the People of Puerto Rico and not by the plaintiffs herein.

With the issue thus made up, the case went to trial and the lower court rendered judgment declaring void the award made to Tomás Collazo Verdejo of the share belonging to the three children of María Dolores Gómez de Rivera; declaring null and ineffective the transfer made in favor of said Collazo Werdejo by Jesús María Gómez, and likewise declaring null and ineffective the transfer made by Tomás Collazo Verdejo in favor of his sister Esther Collazo Verdejo. It also adjudged defendants to pay the costs including $75 as attorney's fees. From that judgment the defendants have appealed to this Court, and in their brief they urge that the lower court erred in sustaining the complaint, since the plaintiffs lack capacity to bring the action, which capacity is vested only in the People of Puerto Rico; in rendering judgment for the plaintiffs, since, if the latter have sold their interests, until the corresponding deed of sale is rescinded the purchasers and not the plaintiffs continue to be the owners of the property in question; and in not holding that the title of Esther Collazo Verdejo had been tacitly approved by the Homestead Commission of the Department of Labor.

■■ There is no doubt that, under the terms of the Act creating the Homestead Commission, any transfer of the houses, lots, and farms assigned by the Commission must have its approval. The evidence in this case fails to show that the transfers made in favor of Tomás Collazo Verdejo and by the latter to his sister Esther Collazo Verdejo were in any way ratified by said Commission. Nevertheless, it is not necessary for us to determine whether or not, in default of such approval by the commission, the transfers are void.

The initial error assigned by the appellants, is, as already stated, that the plaintiffs lack capacity to sue. If the complaint and the prayer thereof are examined, it will be seen that the action seeks to annul the transfers made in favor of Collazo Verdejo and to have the shares of the latter and of his sister Esther transferred to the plaintiff. It might be said that the action is one of nullity and redemption. If we interpret it as one of nullity, we really fail to see what right can the plaintiffs have to demand the annulment of the transfers made in favor of Collazo Verdejo. The situation in this case would be identical with that which would arise if, for example, A, B, and C, being owners *pro indiviso* of a piece of real property, C should transfer to a third person his interest therein and such transfer should for any reason turn out to be null and void. It could not be conceived that A and B, due to the nullity of the transfer made by C, would have any right to attack the same or to insist that the share belonging to C should be awarded to them upon depositing the value of that share. Such an attack or claim of nullity could be made by C himself or in its absence by his successors in interest but never by third persons, such as A and B would be. The same situation arises herein with respect to the plaintiffs. They have nothing to do with the supposed nullity of the transfers made in favor of Collazo Verdejo. Of course, besides being subject to challenge by the assignors themselves and by their successors in interest, those transfers might be subject to attack by the Homestead Commission itself. See § 6(c) and (i) and § 21 of Act No. 53 of 1921.

We will say *a fortiori* that, of course, we have not overlooked the fact that pursuant to deed No. 17, executed on March 25, 1943, the plaintiffs herein who were all of legal age at that time, sold their respective shares to Milagros and Eduardo Gómez Martínez, children of the aforesaid Regino Gómez Leandry by his second marriage. That deed was admitted in evidence and we do not think that the terms thereof

could be varied by the testimony of Gómez Leandry in the form it was given. The circumstance that said deed may turn out to be void for lack of approval by the Homestead Commission is not important, since the instrument should be treated as valid and effective until it should be declared void by a competent tribunal or until set aside by the parties thereto. So that, if the plaintiffs herein had already sold their shares in the property, they had no interest therein, and consequently, for this additional reason, they lacked capacity to sue.

If we treat the action as one whereby the plaintiffs, in their capacity as co-owners, seek to redeem the undivided interests sold to Collazo Verdejo, we must necessarily hold that any right which they might have had in this connection prescribed several years before the action was brought. We say this after specially taking into account the fact that the complaint in this case was filed 3 years, 7 months, and 20 days after the making of the award of the share owned by the heirs of María Dolores Gómez de Rivera, and 2 years, 7 months, and 1 day after the execution of the deed whereby Jesús María Gómez transferred his interest to Tomás Collazo Verdejo. According to § 1414 of the Civil Code, the right of legal redemption must be exercised within nine days, counted from the date of the record of the transfer in the registry, or in default thereof, from the time the redemptioner may have had knowledge of the sale. In the instant case there was no specific proof of the date on which the plaintiffs had knowledge of the award and sale to Collazo Verdejo, although it may be inferred from the transcript of record that Regino Gómez Leandry, father of the plaintiffs, learned of the award in favor of Collazo Verdejo 3 or 4 months after it was made.

The judgment rendered by the lower court should be reversed and the complaint dismissed, with costs.